438 F.2d 354
 ARMOUR AND COMPANY, a corporation, Appellant,
v.
R. Stewart SCOTT, Walter A. Scott, Jr., Porter H. Scott and
John A. Nard, individuals trading as Three Rivers
Company, a partnership, and Three Rivers
Company, a partnership.
 No. 19031.
 United States Court of Appeals, Third Circuit.
 Argued Jan. 12, 1971.
Decided Feb. 16. 1971.
 
 William D. Sutton, Pittsburgh, Pa. (Thomas J. Jackson, Thorp, Reed & Armstrong, Pittsburgh, Pa., on the brief), for appellant.
 Thomas M. Thompson, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa. (David B. Buerger, Pittsburgh, Pa., on the brief), for appellees.
 Before SEITZ, VAN DUSEN, Circuit Judges, and MASTERSON, District judge.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court (1) refusing to permit plaintiff to amend its complaint to assert a claim for equitable relief against residential real estate titled in the names of a defendant and his wife, and (2) refusing to permit the joinder of the wife as a defendant.
 
 
 2
 Plaintiff's original complaint based on diversity jurisdiction asserted a breach of contract claim against four individuals trading as a partnership, as well as against the partnership itself (Three Rivers Company).
 
 
 3
 We commence with the important allegations of the complaint. Plaintiff employed the partnership to design and build a meat processing plant for about $6,000,000. Construction was commenced in the fall of 1967 and continued until about November 1968 when plaintiff terminated the contract by reason of material breaches by the partnership. Thereafter plaintiff commenced this action.
 
 
 4
 A few months after filing its complaint plaintiff filed a motion for leave to amend its complaint. Plaintiff's motion recited that since the filing of its complaint, as a result of investigation, it had obtained information which indicated that the individual defendants had fraudulently converted to their own personal use and benefit substantial sums which plaintiff had intended for use in the construction of the new plant. Plaintiff also alleged that a substantial portion of plaintiff's funds obtained by defendants from Pittsburgh National Bank in connection with the financing of the plant project had actually been utilized for the purchase of materials and services incorporated in a private dwelling belonging to the defendant Nard and his wife.
 
 
 5
 Plaintiff's motion to amend sought to add Mrs. Nard as an additional defendant, and, by adding two new counts, to assert actions based on the diversion of its construction funds to the Nard residence through a fraudulent scheme embracing the making of false certificates and false payment applications and the rendering of false invoices from suppliers and subcontractors. The proposed amendment prayed for the imposition of a constructive trust on the Nard residence, a protective injunction against a transfer by the Nards, and additional equitable and monetary relief against both the individual and partnership defendants.
 
 
 6
 The district court granted plaintiff's motion to amend its complaint except to the extent that the amendment sought to join Mrs. Nard and impress a constructive trust against the Nard residence. Plaintiff appealed the refusal order and a previous panel of this court denied a motion to dismiss the appeal for lack of appealability.
 
 
 7
 As we read the district court's oral statement made when it ruled on the motion, it reasoned that the case started as a complex breach of contract case and should not be further complicated by the addition of a constructive trust claim. The court also pointed out that it had been a 'struggle' to get the case as far along as it was-- which apparently was not very far.
 
 
 8
 Since plaintiff is claiming an abuse of discretion we look to the facts and evaluate the reasons given by the district court for its action.
 
 
 9
 As we stated, the district court allowed so much of plaintiff's amendment as asserted a claim for the fraudulent diversion of funds by defendnats. Clearly the presentation of evidence on this issue will substantially enlarge the trial. In contrast, the merits of the constructive trust claim which the court refused to permit the plaintiff to assert will be largely dependent upon the findings on the claim which the court allowed the plaintiff to file. Under these circumstances we think the implication in the district court's ruling that the allowance of the equitable claim against the Nard residence would unduly broaden the issues to be tried is lacking in substance. The reality here is that the constructive trust requested would do no more than render the residence property available, if appropriate, to satisfy any judgment plaintiff might obtain based on fraudulent diversion.
 
 
 10
 Nor can we accept the view, apparently espoused by the district court, that plaintiff should bring a separate action against the Nards with respect to the real estate. Since, as we have said, the district court has authorized an amendment which would raise the same basic issue that would be presented in the suggested separate action, we think judicial economy demands that the issue be resolved in one and the same trial. Compare Crosley Corp. v. Hazeltine Corp., 122 F.2d 925 (3d Cir. 1941). Certainly the fact that the case has been a 'struggle' up to this point is not a legally permissible reason for denying the amendment. It is not suggested either by the district court or the defendants that the case had proceeded to the point in pretrial preparation where the assertion of the constructive trust claim would be prejudicial to the defendants.
 
 
 11
 Given the propriety of the amendment asserting the claim to equitable relief against the real estate, we think it follows that it was equally unjustifiable for the district court to refuse to permit plaintiff to join Mrs. Nard as an additional defendant. It is clear that under the Pennsylvania entireties law the real estate can be effectively seized only if she is also a party.
 
 
 12
 We conclude that justice required the granting of the motion to allow assertion of the equitable claim and the addition of the party defendant. Its denial under the circumstances constituted an abuse of discretion. See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).
 
 
 13
 There is some discussion in the bfief as to plaintiff's right to interim injunctive relief. We merely note that this is a matter for the district court in the first instance. Finally, defendant Nard's motion for leave to file an affidavit as part of the record on appeal is denied.
 
 
 14
 The order of the district court will be reversed to the extent it denied plaintiff's motion to amend its complaint.